IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RICHARD N. TAWE, TDCJ #1596960, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-17-3418 |
| | § | |
| NORMA A. GRAY, et al., | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

The plaintiff, Richard N. Tawe (TDCJ #1596960), has filed a Prisoner Civil Rights Complaint under 42 U.S.C. § 1983 ("Complaint") (Docket Entry No. 1) concerning the conditions of his confinement in the Texas Department of Criminal Justice - Correctional Institutions Division ("TDCJ"). Because Tawe is an inmate who proceeds in forma pauperis, the court is required to scrutinize the claims and dismiss the Complaint -- in whole or in part -- if it determines that the Complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted" or "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b). After considering all of the pleadings, the court concludes that the Complaint must be dismissed for the reasons explained below.

I. **Background**

Tawe is currently incarcerated at the Ellis Unit in Huntsville.[1] He sues more than 50 correctional officers and officials who were employed by TDCJ at the Ellis Unit facility, including: (1) Officer Norma A. Gray; (2) Captain Curtis D. Bridges, Jr.; (3) Lieutenant Sonya J. Nesby; (4) Sergeant Zachary H. Williford; (5) Officer Dustin E. Brishner; (6) Officer Sylvester Glaze, Jr.; (7) Officer Shana R. Gorman; (8) Officer Lisa A. Hall; (9) Officer Quentin A. Hall; (10) Officer John Shaundrick T. Bozeman; (11) Officer Tori A. Mullin; (12) Officer Meagan V. Talton; (13) Officer Smith; (14) Officer FNU Smith; (15) Officer FNU Lopez; (16) Captain Michael A. Graham; (17) Officer Kathleen E. Spradlin; (18) Sergeant Emerald V. Brooks; (19) Officer Brenda J. Woodson; (20) Officer Cody B. Frazier; (21) Officer Okwonkwo A. Chikemg; (22) Officer Russell W. Bryd; (23) Officer Karilyn S. Natho; (24) Officer Darian A. Duffel; (25) Sergeant Crystal W. Illgen; (26) Officer Tommy A. Gorman; (27) Officer Sam; (28) Officer Heard; (29) Warden Michael A. Roesler; (30) Sergeant Brittney Edwards; (31) Assistant Warden Charles H. Landis; (32) Sergeant Benito Moya, Jr.; (33) Lieutenant Richard E. Kembro; (34) Sergeant Luke E. Fowler; (35) Sergeant Brittney M. Edwards; (36) Officer Matthew Faw; (37) Officer Jacob Johnson; (38) Officer Alicia Scott; (39) Officer Kimberly Hatthorn; (40) Officer Lorena

---

[1]Complaint, Docket Entry No. 1, p. 5.

Hernandez; (41) Officer William Hague; (42) Officer Andre Walker; (43) Grievance Investigator Carrie Whatley; (44) Officer Domingo Bendinez; (45) Officer Kevan Smith; (46) Officer Veronica Archibald; (47) Officer Emily Redden; (48) Officer Leslie Winslett; (49) Officer Carol Stanley; (50) Grievance Investigator K. Brumble; and (51) Officer Jaqueline Caldaza.[2]

Tawe's primary complaint is that he was subject to strip searches on several occasions, including: December 26, 2015; January 10, 2016; January 11, 2016; September 27, 2016, November 17, 2016; November 24, 2016; December 2, 2016; and May 12, 2017.[3] Tawe contends that the searches violated his constitutional rights because female correctional officers were present in the vicinity and could see him naked.[4] Tawe also complains that the lead defendant, Officer Norma Gray, improperly searched his cell and confiscated items of his personal property on January 26, 2016, in retaliation for a grievance that he had filed about the strip searches on January 25, 2016.[5] Tawe seeks monetary damages from all of the defendants under 42 U.S.C. § 1983 for the violation of his constitutional rights.[6]

---

[2] Id. at 1, 5-15.

[3] Id. at 16, 17-21.

[4] Id. at 16, 18, 20.

[5] Id. at 16.

[6] Id.

## II. Discussion

A prisoner inmate's right to privacy is "minimal, at best," when juxtaposed with the legitimate security needs of the institution. See Oliver v. Scott, 276 F.3d 736, 745 (5th Cir. 2002); see also Elliott v. Lynn, 38 F.3d 18, 190-91 (5th Cir. 1994). Thus, the Fifth Circuit has held that "[t]he presence of female prison guards for security reasons on those occasions when male prisoners are naked is not a constitutional violation." Petty v. Johnson, 193 F.3d 518, 1999 WL 707860, at *1 (5th Cir. 1999) (unpublished table op.) (citing Letcher v. Turner, 968 F.2d 508, 510 (5th Cir. 1992)). The Fifth Circuit has also consistently held that the practice of conducting strip searches in the presence of female officers is not unconstitutional. See Oliver, 276 F.3d at 747; Elliott, 38 F.3d at 190-92; Letcher, 968 F.2d at 510; see also Johnson v. Rupert, 647 F. App'x 407, 408 (5th Cir. 2016) (per curiam); Tasby v. Lynaugh, 123 F. App'x 614, 615 (5th Cir. 2005); McKenzie v. Johnson, 204 F.3d 1115, 1999 WL 1328074, at *1 (5th Cir. 1999) (unpublished table op.). Therefore, Tawe's claim that he was improperly subjected to strip searches while female officers were present is frivolous.

Tawe's allegation that his personal property was wrongfully confiscated by Officer Gray also lacks merit. The Supreme Court has held that a negligent, or even intentional, deprivation of property by state officials that is random and unauthorized does not rise to the level of a constitutional violation or a cognizable

claim under 42 U.S.C. § 1983 if state law provides an adequate post-deprivation remedy. See Hudson v. Palmer, 104 S. Ct. 3194, 3204 (1984); see also Parratt v. Taylor, 101 S. Ct. 1908, 1917 (1981), overruled in part on other grounds by Daniels v. Williams, 106 S. Ct. 662 (1981). Texas provides a remedy for inmates whose property has been taken or destroyed in an unauthorized manner. See Myers v. Klevenhagen, 97 F.3d 91, 95 (5th Cir. 1996); Marshall v. Norwood, 741 F.2d 761, 764 (5th Cir. 1984); Aguilar v. Chastain, 923 S.W.2d 740, 743-44 (Tex. Crim. App. 1996); see also TEX. GOV'T CODE §§ 501.007, 501.008. Therefore, Tawe's claim concerning his confiscated property has no basis in federal law and must be dismissed as legally frivolous. See Murphy v. Collins, 26 F.3d 541, 543-44 (5th Cir. 1994); see also Nelson v. Director, Texas Dep't of Crim. Justice, 124 F. App'x 897, 898 (5th Cir. 2005) (holding that both the civil rights lawsuit and appeal from dismissal of a prisoner's suit seeking compensatory damages for loss of personal property were "frivolous").

Tawe's allegation that Officer Gray confiscated his property "in retaliation" for filing a grievance, in which Tawe complained about being strip searched in front of female officers, also fails to state a valid claim. In that regard, claims of retaliation by prison inmates "must be regarded with skepticism," which requires a reviewing court to "carefully scrutinize" whether a prisoner has articulated a sufficient retaliatory motive on the defendant's part. Woods v. Smith, 60 F.3d 1161, 1166 (5th Cir. 1995). Tawe

provides a copy of the grievance that reportedly instigated the search of his cell, but it makes no mention of Officer Gray or any possible motive for confiscating his property.[7] Tawe does not otherwise "allege a chronology of events from which retaliation may plausibly be inferred." Id. (citation and internal quotation marks omitted); see also Jones v. Greninger, 188 F.3d 322, 325 (5th Cir. 1999). Because Tawe's bare allegations are insufficient to establish retaliation or any other actionable claim, his Complaint will be dismissed.

### III. Conclusion and Order

Based on the foregoing, the court **ORDERS** that the Prisoner's Civil Rights Complaint filed by Richard N. Tawe (Docket Entry No. 1) is **DISMISSED WITH PREJUDICE** as frivolous.

The Clerk is directed to provide a copy of this Memorandum Opinion and Order to the plaintiff. The Clerk will also provide a copy by regular mail, facsimile transmission, or e-mail to: (1) the TDCJ - Office of the General Counsel, P.O. Box 13084, Austin, Texas 78711, Fax Number 512-936-2159; and (2) the Manager of the Three-Strikes List for the Southern District of Texas.

**SIGNED** at Houston, Texas, on this 7th day of February, 2018.

SIM LAKE
UNITED STATES DISTRICT JUDGE

---

[7]Grievance #2016081787, Docket Entry No. 1-2, pp. 1-2.